IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.06-527 T

(Judge Baskir)

ILLINOIS CENTRAL RAILROAD COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

# ANSWER

Defendant, the United States, in answer to the complaint of plaintiff, Illinois Central Railroad Company, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the complaint as follows:

1. Admits that this complaint seeks a refund of Internal Revenue Taxes; denies the remaining allegations in paragraph 1 of the complaint.

2. Admits that jurisdiction, to the extent it exists, would be based on 28 U.S.C. § 1491; denies the remaining allegations in paragraph 2 of the complaint.

3-4. Admits the allegations in paragraphs 3 and 4 of the complaint.

5. Paragraph 5 presents legal conclusions to which no response is necessary. To the extent paragraph 5 also makes factual allegations, defendant states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of those allegations.

6. In response to the allegations in paragraph 6 of the complaint the defendant incorporates its responses to paragraphs 1-5 of the complaint.

7-9. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 9 of the complaint.

10. Denies the allegations in paragraph 10 of the complaint.

11. Paragraph 11 presents legal conclusions to which no response is necessary. To the extent paragraph 11also makes factual allegations, defendant states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of those allegations.

12. In response to the allegations in paragraph 12 of the complaint the defendant incorporates its responses to paragraphs 1-5 of the complaint.

13. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. Denies that any amounts were erroneously paid and withheld; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the complaint.

15. Denies the allegations in the first sentence of paragraph 15 of the complaint; admits that no portion of the amounts specified in paragraph 14 of the complaint has been repaid to the plaintiff, its employees or former employees.

16. In response to the allegations in paragraph 16 of the complaint the defendant incorporates its responses to paragraphs 1-5 of the complaint.

17-19. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 17-20 of the complaint.

20. Denies the allegations in paragraph 20 of the complaint.

21. Paragraph 21 presents legal conclusions to which no response is necessary. To the extent paragraph 21 also makes factual allegations, defendant states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of those allegations.

22. In response to the allegations in paragraph 22 of the complaint the defendant incorporates its responses to paragraphs 1-5 of the complaint.

23. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24. Denies that any amounts were erroneously paid and withheld; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the complaint.

25. Denies the allegations in the first sentence of paragraph 25 of the complaint; admits that no portion of the amounts specified in paragraph 24 of the complaint has been repaid to the plaintiff, its employees or former employees.

26. Admits the allegations in paragraph 26 of the complaint but avers that the Form CT-1 for the 1999 year was filed on March 1, 2000.

27. Admits the allegations in the first two sentences of paragraph 27 of the complaint; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 27 of the complaint; admits the allegations in the last sentence of paragraph 27 of the complaint.

28-29. Admits the allegations in paragraphs 28 and 29 of the complaint.

30. Paragraph 30 sets forth statements which do not constitute allegations of existing fact or are conclusions of law, and, therefore, no response is required to the allegations in this paragraph.

31. Admits that none of the amounts referred to in paragraph 31 of the complaint have been refunded to plaintiff; denies the remaining allegations in paragraph 31 of the complaint.

32. Admits the allegations in paragraph 26 of the complaint but avers that the Form CT-1 for the 2000 year was filed on February 28, 2001.

33. Admits the allegations in the first two sentences of paragraph 33 of the complaint; states that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 33 of the complaint; admits the allegations in the last sentence of paragraph 33 of the complaint.

34-35. Admits the allegations in paragraphs 34 and 35 of the complaint.

36. Paragraph 36 sets forth statements which do not constitute allegations of existing fact or are conclusions of law, and, therefore, no response is required to the allegations in this paragraph.

37. Admits that none of the amounts referred to in paragraph 37 of the complaint have been refunded to plaintiff; denies the remaining allegations in paragraph 37 of the complaint; adm.

38. Admits the allegations in paragraph 26 of the complaint but avers that the Form CT-1 for the 2001 year was filed on March 4, 2002.

39. Admits the allegations in the first two sentences of paragraph 39 of the complaint; states that its attorneys lack knowledge or information

sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 39 of the complaint; admits the allegations in the last sentence of paragraph 39 of the complaint.

40-41. Admits the allegations in paragraphs 40 and 41 of the complaint.

42. Paragraph 42 sets forth statements which do not constitute allegations of existing or are conclusions of law, and, therefore, no response is required to the allegations in this paragraph.

43. Admits that none of the amounts referred to in paragraph 43 of the complaint had been refunded to plaintiff; denies the remaining allegations in paragraph 43 of the complaint.

WHEREFORE, defendant prays that the complaint of plaintiff, Illinois Central Railroad Company, be dismissed with prejudice, with defendant's costs to be taxed against the plaintiffs and with such other relief as the

Court deems appropriate and just.

Respectfully submitted,

s/Benjamin C. King, Jr.

BENJAMIN C. KING, JR.
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

September 28, 2006